IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY CLARK,

                 Plaintiff,

v.

DR. SALAM SYED,

                 Defendant.

OPINION and ORDER

22-cv-327-jdp

---

Defendant Dr. Salam Syed has moved for summary judgment, contending that pro se plaintiff Jimmy Clark failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 19. Clark has not responded to Dr. Syed's motion, which I will grant.

BACKGROUND

Clark, now a state prisoner, was detained at the Dane County Jail at the times relevant to his complaint. I allowed Clark to proceed on a Fourteenth Amendment medical care claim and a Wisconsin-law medical negligence claim based on allegations that: (1) Dr. Syed conducted, at best, cursory examinations of Clark; and (2) knowingly provided ineffective pain medications for his severe nerve pain, including prescribing one that was contraindicated with Clark's psychotropic medication. *See* Dkt. 6 at 2–3.

Dr. Syed supports his motion for summary judgment with the affidavit of Brian Hayes, the records custodian for the Dane County Sheriff's Office. Dkt. 25 ¶ 1. Hayes declares that he is familiar with the jail's record keeping and grievance process and carefully researched Clark's grievance history. *Id.* ¶ 3. Hayes also declares that the jail had an established grievance procedure while Clark was detained there. *Id.* ¶¶ 4–5; Dkt. 25-1. Hayes adds that Clark

acknowledged receipt of the resident handbook, which contains information about the jail's grievance process. *Id.* ¶¶ 7–8; Dkt. 25-3.

The evidence attached to the Hayes declaration shows that Clark filed five grievances that relate to the allegations in this lawsuit, but did not appeal any of the dispositions. *See* Dkt. 25-2. Clark's only appeal was of the disposition of a grievance involving COVID-19. *Id.*

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the [prison] to the problem and invite corrective action." *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). To satisfy this requirement, the allegations in the prisoner's grievance must relate to the claim that the prisoner is pursuing in federal court. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023); *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley*, 729 F.3d at 649.

Exhaustion requires prisoners to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Conyers*, 416 F.3d at 584 ("Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution."). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). The prisoner must complete each step of the grievance procedure to exhaust it, though he doesn't have to file an administrative appeal if he receives all the relief

that he requests in his initial grievance. *See Thornton v. Snyder*, 428 F.3d 690, 694–97 (7th Cir. 2005); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). Courts must dismiss an unexhausted claim without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Dane County Jail's grievance procedure requires prisoners to submit grievances within 10 days of grievable issues. Dkt. 23 ¶ 14; Dkt. 25-1 at 5–6. For medical grievances, a medical administrator must respond to the grievance within 10 days and enter an "appropriate disposition." Dkt. 25-1 at 9. A prisoner dissatisfied with the response to a grievance may appeal the decision within five days, with a decision on the appeal due 10 days after that. *Id*. at 8, 10.

Prisoners are only required to exhaust administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Mere ambiguity does not make the administrative process unavailable; the process must be "so opaque that it becomes, practically speaking, incapable of use." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020); *Slater v. Lervik*, No. 21-1560, 2021 WL 5565164, at *2 (7th Cir. Nov. 29, 2021) ("Regulations must be opaque, rather than merely susceptible to multiple interpretations, to make a remedy unavailable."). Defendant bears the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Dr. Syed contends that Clark didn't exhaust the jail's grievance procedures because he failed to appeal the disposition of the five grievances related to the allegations in this lawsuit. Clark's only appeal was of a grievance about COVID-19. Dr. Syed's substantiates his position

3

with evidence. *See* Dkt. 25-2. Clark did not respond; I'll deem Dr. Syed's factual contentions to be undisputed.

The only potential issue is whether the appeal process was actually available to Clark. Three of the five grievances related to Clark's complaints about nerve pain received the disposition option "policy procedure." Dkt. 25-2 at 2–4. The grievance about COVID-19 received the same disposition option, and Clark appealed that disposition. *Id.* at 7. So Clark clearly could have, but failed to, appeal the three grievances that received the "policy procedure" disposition option.

The other two grievances related to Clark's allegations about nerve pain received the disposition option "resolved with complainant," which means that "the grievance has been resolved with the [prisoner], no further action is required." Dkt. 25-1 at 9. Whether these dispositions could have been appealed is more complex. A grievance "resolved with the complainant" does not expressly prohibit an appeal of that disposition. Not being *required* to take further action on the disposition does not mean the same thing as not being *allowed* to take further action. If Clark was unsure about the meaning of this resolution of his grievance, he should have "err[ed] on the side of exhaustion" and filed an appeal. *See Ross*, 578 U.S. at 644; *cf. Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try." (emphasis in original)). The jail policy expressly states that a prisoner who is dissatisfied with the response to his grievance may appeal the decision, and Clark appealed the disposition of the grievance about COVID-19, showing that he knew how to use the jail appeal process.

In the first of these grievances "resolved with complainant," Wiersma rejected Clark's contention that his medications were ineffective, stating that Clark's physician had increased

4

his nerve pain medication the day before. *See* Dkt. 25-2 at 1. Because Wiersma disagreed with Clark's complaint, Clark did not receive the relief that he requested in the first grievance. If Clark was dissatisfied, he could have appealed this decision, but did not.

In the second grievance, submitted on October 18, 2021, Clark complained that the only effective pain medication he had been given had been discontinued. Wiersma responded "This medication was ordered on 10/18/21 by the physician. Thank you." Dkt. 25-2, at 5. Wiersma closed the grievance and designated it as "resolved with complainant." *Id*. I'll assume, for purposes of this motion, that the medication at issue was the gabapentin and cyclobenzaprine that Clark described in paragraph 22 of his complaint, which he contends Dr. Syed refused to provide to him on October 11. Because Wiersma resolved the complaint by telling Clark that the medications had been reordered, Clark apparently got all the relief he requested, and I would not have expected Clark to appeal the resolution of that grievance.

But that doesn't save Clark's claim, for two reasons. First, in paragraph 23 of the complaint, Clark explains that the temporary use of gabapentin and cyclobenzaprine, combined with stretching, had taken care of his pain and that it did not return. So Clark's own allegations show that Dr. Syed's refusal to continue his gabapentin and cyclobenzaprine did not cause Clark any harm. *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) ("In order to succeed in a [42 U.S.C.] § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." (emphasis in original)). Second, Clark's complaint contains no allegation that he did not receive the medications after October 18, 2021, as Wiersma said in response to his complaint. Clark's complaint does not state a claim about Dr. Syed's failure to continue the

5

gabapentin and cyclobenzaprine on October 11, so whether Clark exhausted that claim is immaterial.

Dr. Syed has shown that Clark failed to exhaust his available administrative remedies for the viable claims in his complaint. I will grant his motion for summary judgment and dismiss Clark's Fourteenth Amendment medical care claim without prejudice.

The PLRA's exhaustion requirement doesn't apply to Clark's medical negligence claim. *McDaniel v. Meisner*, 617 F. App'x 553, 556 n.3 (7th Cir. 2015). But I will decline to exercise supplemental jurisdiction over this claim. When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Clark fails to establish that this court could exercise federal diversity jurisdiction over this claim because nothing in the record suggests that he and Dr. Syed are citizens of different states.

ORDER

IT IS ORDERED that:

1. Defendant Dr. Salam Syed's motion for summary judgment, Dkt. 19, is GRANTED. Plaintiff Jimmy Clark's Fourteenth Amendment medical care claim is DISMISSED without prejudice for failure to exhaust administrative remedies, and his Wisconsin-law medical negligence claim is DISMISSED because I decline to exercise supplemental jurisdiction over it.

2. All pending motions, including defendant's motion to dismiss for failure to prosecute, Dkt. 26, are DENIED as moot.

3. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered August 1, 2023.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge